IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60607
Summary Calendar

_____

MARTIN ALAN HOLMES,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(4:94-CV-97-LN)

_____

July 26, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

PER CURIAM:

Martin Alan Holmes appeals the district court's affirmance of
the Secretary's denial of supplemental security income benefits.
Holmes contends that the Administrative Law Judge (ALJ) erred in
propounding interrogatories to the vocational expert, that his
mental condition was disabling under the listing of impairments,
and that the ALJ did not properly consider his subjective

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

complaints of pain.  There is substantial evidence in the record supporting the ALJ's determination regarding Holmes's subjective complaints of pain.  *See Selders v. Sullivan*, 914 F.2d 614, 617-19 (5th Cir. 1990).  Because the existence of pain was implicit, the ALJ reasonably omitted a reference to Holmes's pain in the hypothetical posed to the vocational expert.  *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).  Holmes's remaining issues were not presented to the Appeals Council; because these issues were not exhausted, the are not properly before us.  *See Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).  We further note that at least two of Holmes's claims of error, those relating to alleged inability to cross-examine the vocational expert and failure to find his borderline intelligence a severe impairment, were also not raised in the district court.  Holmes was represented by counsel before the ALJ, the Appeals Council, and the district court, as well as in this Court, and his counsel's hypothetical question to the vocational expert, on the expert's answer to which the ALJ also relied, contains the same alleged deficiencies as those of which Holmes complains in respect to the ALJ's hypothetical (and counsel made no request for cross-examination of the expert or any objection to the ALJ's hypothetical and was unrestricted in the hypotheticals he could submit).

The district court's judgment is

AFFIRMED.